[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#104)
FIRST COUNT
Granted. The plaintiff represents that this count is exclusively a claim for negligent infliction of emotional distress. Even by a most generous reading of this count the plaintiff has failed to plead the essential elements of such a cause of action as set forth in BuddingtonPark Condominium Association, Inc. v. Wal-Mart Stores, Inc.,1997 WL 35819 (Conn.Super.)
SECOND COUNT
Denied. The defendant claims that at worst the plaintiff has alleged an innocent mistake which cannot give rise to a CUTPA claim. The subjective good faith of one who has performed an unfair or deceptive act is not a defense to a CUTPA claim. Eamiello v. Liberty Mutual Home Sales, Inc.,208 Conn. 620, 654 (1988).
Nor is the defendant's legal duty to honor garnishments in issue. What is in issue is whether or not the defendant's alleged failure to take the necessary steps to correctly identify the correct account was at least unfair or oppressive under the broad remedial scope of CUTPA. This is a matter of proof beyond the scope of this motion.
THIRD COUNT
Denied. The plaintiff alleges without specificity a breach of her contract with the movant who in turn by revision sought a copy of that contract. The movant now argues no provision of that contract supports a contractual duty to see that any legal proceedings were correct. The court is now faced with interpreting the entire contract which has become a part of the pleadings.
The section on limitation of liability provides that "we shall be liable to you only for our negligent performance or non-performance of the service provided . . . and that our responsibility shall be limited to the exercise of reasonable and ordinary care." The service provided was arguably the handling of the plaintiff's funds. Whether by this language the defendant had the contractual duty to inquire before it released those funds is a question of intent beyond the scope of this CT Page 3776 motion. Arguably, at least, by virtue of the plaintiff's allegations, this contractual provision has been breached. Again, this is a matter of proof.
Licari, J.